UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORALDENT LTD., | ) |
| | ) |
| Plaintiff, | ) 20 C 304 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| CONTEXTLOGIC INC., | ) |
| | ) |
| Intervenor Defendant. | ) |

## ORDER

For the reasons set forth below, Plaintiff's motion for a preliminary injunction [35] is granted. Enter preliminary injunction order. This ruling is without prejudice to any Defendant moving to vacate the preliminary injunction in whole or in part, or to Intervenor ContextLogic Inc. doing so upon first showing that it has suffered harm based on the amount of funds subject to the asset restraint.

## STATEMENT

Intervenor ContextLogic Inc. ("Wish") is the only party opposing Plaintiff Oraldent Ltd.'s motion for a preliminary injunction. Wish's objections, which pertain to the asset restraint applying exclusively to Wish (§ 5 of the preliminary injunction order), are unpersuasive, although the court has modified Oraldent's proposed preliminary injunction order to reflect that the restrained funds are limited to those in Defendants' Wish accounts as of February 4, 2020, the date of the amended temporary restraining order ("TRO"), Doc. 34.

Wish does not oppose the asset restraint itself; rather, it argues that the restraint should cover only funds that reflect profits from Defendants' allegedly infringing sales. Doc. 39. Wish is not the right party to make that particular objection; although the *existence* of the asset restraint impacts Wish, Wish has not argued, let alone shown, that it has any stake in the *amount of funds* restrained—particularly since the restrained funds belong to Defendants and the restraint is not prospective, as the restrained funds are limited to those in Defendants' Wish accounts as of February 4, 2020. *See Kawada Co. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, No. 19 C 6838 (N.D. Ill.), ECF No. 70 at 19-24. Only Defendants have a stake in objecting to the extent

2

of the asset restraint, and none have done so.  For all the court knows, Defendants do not oppose either the existence or the extent of the asset restraint.

      Even putting that aside, Wish's arguments fail on the merits.  Assuming that Wish is correct that the asset restraint may lawfully cover only Defendants' profits from allegedly infringing sales, Doc. 39 at 3-6, Wish has not shown that the restraint covers more than those profits.  True enough, Wish presents evidence that, according to Wish, shows that the asset restraint covers funds in excess of Defendants' allegedly ill-gotten profits.  Docs. 39-1, 39-2.  As Oraldent persuasively argues, however, there is good reason to believe that Wish's evidence is incomplete and does not account for all of Defendants' infringing sales.  Doc. 40 at 2-6.  On the present record, then, Wish has not demonstrated that the asset restraint is overbroad.

February 25, 2020

_____
United States District Judge